UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HEATHER HUDSON,

                Plaintiff,

v.                                                                                           **DECISION AND ORDER**
                                                                                               05-CV-444S

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff Heather Hudson challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled as defined by the Social Security Act ("the Act"). Plaintiff initially alleged that she became disabled on May 9, 2002, as a result of back pain, depression and a blood disorder. She thereafter amended her onset date to February 1, 2003. Plaintiff contends that her impairments have rendered her unable to work since that date. She therefore asserts that she is entitled to payment of disability insurance benefits ("DIB") or Supplemental Security Income ("SSI") under the Act.

      2.      Plaintiff filed an application for SSI on September 10, 2002, and for DIB on October 16, 2002. Both of her applications were denied. At Plaintiff's request, an administrative hearing was held before ALJ Richard Kelly on September 14, 2004. Plaintiff appeared with counsel at the hearing. ALJ Kelly considered the case *de novo*, and on December 21, 2004, found that the Plaintiff was not under a disability. On April 22, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 20, 2005, challenging Defendant's final decision.[1]

---

[1] The ALJ's December 21, 2004 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

3. On December 29, 2005, the Commissioner filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response on February 21, 2006, and the Commissioner filed a reply on March 14, 2006.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the

claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.    In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since before the alleged onset of her disability (R. at 15, 22);[2] (2) Plaintiff's cervical and lumbar impairments, right shoulder impairment, obesity, and dysthymic disorder are  "severe" impairments based upon the requirements of the regulations (R. at 18, 22); (3) Plaintiff's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation Number 4 (R. at 18, 22); (4) Plaintiff retained the residual functional capacity to perform at the sedentary exertional level with an occasional need to change positions and she is limited to performing simple, routine tasks with low contact with others (R. at 20, 22); and (5) Plaintiff is able to perform her past relevant work as a  telemarketer (R. at 21, 23).  In the alternative, considering Plaintiff's status as a younger individual, with more than a high school (or high school equivalent) education, no transferable skills from her past work, and a residual capacity to perform a significant range of sedentary work, the ALJ determined based on the Medical-Vocational Guidelines and the testimony of a vocational expert that there are a number of jobs in the national economy that Plaintiff could perform.  (R. at 22, 23).  Ultimately, the ALJ determined that Plaintiff was not under

---

[2] Citations to the underlying administrative record are designated as "R."

a disability, as defined by the Act, at any time through the date of his decision, December 21, 2004.  (R. at 22, 23).

      10.    In response to Defendant's Motion for Judgment on the Pleadings, Plaintiff, who is proceeding *pro se* submitted a response stating, " I feel I should receive SSI and SSD, because I am truly disabled." (Pl.'s Resp., p. 1).  Further, Plaintiff states "I really hope you reconsider [the] decision." (Pl.'s Resp., p. 3).  Because Plaintiff is proceeding *pro se*, this Court must interpret her submissions to raise the strongest arguments they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); see also Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Accordingly, this Court construes Plaintiff's response as a request for a remand.  Upon review of the record, however, this Court finds no cause to remand this case to the Commissioner.

      11.    Having carefully examined the ALJ's decision and the administrative record as a whole, this Court finds that substantial evidence supports the ALJ's determination that Plaintiff is not disabled.  The ALJ's decision reflects a detailed and thorough examination of the medical evidence contained in the record.  (R. at 14-22).  The ALJ specifically discussed the medical findings and opinions rendered by Drs. Calabrese, Dina, Askin, Dickinson, a psychologist, and Ms. Otley, a social worker.  These particular medical opinions persuaded the ALJ that while Plaintiff's impairments were "severe," they did not render her disabled within the meaning of the Act.

      12.    Accordingly, for the foregoing reasons, this Court finds that the ALJ's decision is supported by substantial evidence.  See Berry, 675 F.2d at 468 (an ALJ's decision should be upheld so long as the court can fathom the ALJ's rationale in relation to the

evidence in the record).  Based on the foregoing, this Court affirms the Commissioner's decision denying Plaintiff's applications for benefits.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 27, 2006
       Buffalo, New York                              _____
                                                 /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge